# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL SESSION, 1998

**FILED**

April 23, 1998

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE** | ) | **C.C.A. NO. 01C01-9707-CR-00254** |
| | ) | |
| Appellee, | ) | **WILSON COUNTY** |
| | ) | |
| **VS.** | ) | **(No. 96-0580 Below)** |
| | ) | |
| **THOMAS CONGDON,** | ) | The Hon. J. O. Bond |
| | ) | |
| Appellant. | ) | (Vandalism under $500) |

FOR THE APPELLANT:

J. ROBERT HAMILTON
Stallings, Hamilton & Fox, P.A.
225 East Main Street
Lebanon, TN 37087

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

TOM P. THOMPSON, JR.
District Attorney General

ROBERT N. HIBBETT
Assistant District Attorney General
111 Cherry Street
Lebanon, TN 37087

OPINION FILED _____

AFFIRMED

TERRY L. LAFFERTY, SPECIAL JUDGE

The defendant, Thomas Congdon, appeals as of right pursuant to T.R.A.P. 3 from his conviction for vandalism under $500. On appeal, the defendant argues that the evidence was insufficient to support the verdict and that the trial court erred by denying his motion to sever offenses. We disagree and affirm the judgment.

The proof showed that the defendant's ex-wife, Connie Hay, and her father-in-law, Paul Hay, were standing inside the criminal justice center in Lebanon, Tennessee, looking down at the parking lot on March 20, 1996. Both saw the defendant walk over to Connie Hay's 1994 Nissan Centra, which was parked next to Paul Hay's vehicle, check the license plate on Connie Hay's vehicle, and then walk closely up the side of the vehicle on the passenger side. Connie Hay testified that the defendant had an object in his hands. When Connie Hay and Paul Hay went down to the parking lot, they discovered a long scratch along the passenger side of the vehicle. Connie Hay estimated the damage at approximately $500. According to the local newspaper, it had snowed most of that day. Based on this proof, the jury convicted the defendant of vandalism under $500. Although a second indictment is not included in the record, it appears that the defendant was also indicted for vandalism under $1000. The proof regarding this offense concerned damage to Michael Hay's vehicle on December 26, 1995. The jury found the defendant not guilty of this offense.

On appeal, the state is entitled to the strongest legitimate view of the evidence and to all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978). When the sufficiency of the evidence is challenged, the relevant question for the appellate court is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); T.R.A.P. 13(e). In the present case, the proof overwhelmingly supports

the jury's verdict.

The defendant also argues that the offenses should have been severed and he should have been tried separately for each offense. Although the jury acquitted the defendant of vandalism under $1000, he argues that the "carry-over effect" of the other charge seriously affected his right to a fair trial and an impartial jury. We disagree.

Pursuant to Tenn. R. Crim. P. 14, (b)(1), if two or more offenses have been joined or consolidated for trial pursuant to Rule 8(b), the defendant shall have a right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others. A trial court's denial of a motion for severance does not constitute reversible error unless a defendant shows that he was clearly prejudiced. State v. Hodgkinson, 778 S.W.2d 54, 61 (Tenn. Crim. App. 1989). In the present case, the trial court instructed the jury that the defendant was charged in two separate indictments, that each indictment was a separate and distinct offense, and that the jury must decide each crime charged separately on the evidence and law applicable to it. Although the defendant argues that the carry-over between the indictments seriously prejudiced him, the jury instructions were clear and comprehensive. Moreover, given the jury's not guilty verdict on the offense of vandalism under $1000, it is clear that the jury understood their instructions and gave individualized consideration to each offense. See State v. Wiseman, 643 S.W.2d 354, 362-63 (Tenn. Crim. App. 1982). Accordingly, we affirm the trial court.

_____
TERRY L. LAFFERTY, SPECIAL JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
THOMAS T. WOODALL, JUDGE

2